IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HANS CHRISTIAN ANDERSON,

      Plaintiff,

vs.                                                                  Case No. 4:12cv185-RH/CAS

DOCTOR DEGALA,
FLORIDA STATE HOSPITAL,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff initiated this § 1983 civil rights case on April 23, 2012.  Doc.

1.  Plaintiff filed a motion for *in forma pauperis* status, doc. 2, which must be denied.

Plaintiff acknowledges that he has filed many cases in the Middle District of

Florida and lists cases which have been dismissed as frivolous and for failure to state a

claim.  Doc. 1.  It is unnecessary to list all such cases, but in an order of dismissal

entered by the Honorable Steven D. Merryday, these cases are cited as having been

dismissed in the Middle District alone either as frivolous, malicious, or for failure to state

a claim: case 8:10cv1290, 8:10cv1467, 8:10cv1513, and 8:10cv1691.  Plaintiff also had

several cases dismissed under the "three strikes" provision of 28 U.S.C. § 1915(g):

8:10cv1512, 8:10cv1593, and 8:10cv1651, among others.  Plaintiff has acknowledged

filing the cases dismissed under § 1915(g), although he does not admit that § 1915(g) was the reason for dismissal.  Doc. 1.

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As demonstrated above, Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.

The instant complaint contains no allegations that Plaintiff is in jeopardy of serious physical injury and, thus, he is not within the "imminent danger" exception. Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed *in forma pauperis* should be denied and this action dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on April 19, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.